Submitted January 20, vacated and remanded for resentencing, otherwise
affirmed February 24, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD JAMES SANDERLIN,
*Defendant-Appellant.*

Coos County Circuit Court
13CR1122; A156703

368 P3d 74

Peter Gartlan, Chief Defender, and Robin A. Jones, Deputy
Public Defender, Office of Public Defense Services, filed the
opening brief for appellant. Richard James Sanderlin filed
the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Paul L. Smith,
Deputy Solicitor General, and Greg Rios, Assistant Attorney
General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge,
and DeHoog, Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Defendant appeals a judgment convicting him of first-degree sodomy, ORS 163.405, and first-degree sexual abuse, ORS 163.427. On appeal, he contends that the mandatory 300-month prison term imposed by the trial court is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Before the trial court, defendant filed a sentencing memorandum in which, among other things, he asserted, citing *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009), that the mandatory sentence was disproportionate. He later filed a supplemental memorandum. Attached to defendant's memoranda were medical records showing that, prior to the conduct at issue, defendant had sustained brain damage from multiple strokes. In addition, defendant attached a report from a clinical psychologist, who concluded that, as a result of the strokes, defendant suffered from dementia, impaired intellectual function, compromised judgment, and a reduced ability to control his impulses.

The court rejected defendant's contention that the minimum mandatory sentence was unconstitutionally disproportionate:

"The law has been passed that under these circumstances, the sentence is 25 years. And basically, when the Court looks at the constitutionality of that, it looks a[t] whether it shocks the conscience. And this was a seven year old girl, your granddaughter. And performing Sodomy on her, I don't think 25 years is going to shock anybody's conscience.

"The problem with these laws that get passed, Measure 11 or whatever, is they want everybody in the same category. And they leave an out if you find an unconstitutional sentence because it shocks the conscience. And that, I think, maybe has happened in one or two cases. But, in most cases, that doesn't happen. *So, it doesn't allow the Court to take, really, into account any mental problems you have.*"

(Emphasis added.) Thus, although it acknowledged that it was "probably close to a death sentence" for defendant, the court imposed the mandatory 300-month prison term.

576

On appeal, defendant asserts, among other things, that, in determining the constitutionality of the mandatory sentence, "the sentencing court accorded insufficient weight to the mitigating facts in assessing defendant's moral culpability." Furthermore, he contends, "the court erroneously ruled that, as a matter of law, it was not permitted to consider the evidence that defendant's conduct was likely the result of brain damage to his frontal lobes caused by multiple strokes."[1] We agree.

In *Rodriguez/Buck*, the Supreme Court clarified the proper approach to the proportionality analysis pursuant to Article I, section 16. 347 Or at 56-67. "The court adhered to the traditional proportionality test—that is, whether imposition of the sentence would shock the moral sense of reasonable people—and identified 'at least three factors' that bear upon that 'ultimate conclusion.'" *State v. Wilson*, 243 Or App 464, 468, 259 P3d 1004 (2011) (quoting *Rodriguez/Buck*, 347 Or at 58). Those factors are "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." *Rodriguez/Buck*, 347 Or at 58.

"In considering a defendant's claim that a penalty is constitutionally disproportionate as applied to that defendant * * * a court may consider, among other things, the specific circumstances and facts of the defendant's conduct that come within the statutory definition of the offense, as well as other case-specific factors, such as characteristics of the defendant and the victim, the harm to the victim, and the relationship between the defendant and the victim."

*Id.* at 62. Among the characteristics of a defendant that the court should consider is a defendant's diminished capacity. *See Wilson*, 243 Or App at 468-69. Thus, the court's conclusion that, in determining the constitutionality of the mandatory sentence, as applied to defendant, it was not permitted to consider defendant's asserted "mental problems" as a result of the strokes he had suffered was error. *Id.* at

[1] We note that we are unpersuaded by the state's assertion that defendant's contentions before the trial court were insufficient to preserve the arguments defendant makes on appeal.

468. Accordingly, the case must be remanded for the court, in determining the proportionality of the sentence, to consider the characteristics of defendant, including his mental capacity.[2]

Vacated and remanded for resentencing; otherwise affirmed.

---

[2] As in *Wilson*, we note that this "opinion should not be taken to imply that the proper consideration of defendant's mental capacity would necessarily lead to a different sentence." 243 Or App at 470 n 2. That determination is one that must be made by the trial court in the first instance based on its consideration of the information presented on that issue.